UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jonathan Lee Riches, | ) |
| Plaintiff, | ) **Report and Recommendation** |
| vs. | ) |
| Steve Fairchild, d/b/a Former Buffalo Bills Offensive Coordinator, a/k/a Colorado State Football Coach, et al., | ) C/A No. 4:07-4094-MBS-WMC |
| Giada De Laurentiis, d/b/a Food Network Star, | ) C/A No. 4:07-4095-MBS-WMC |
| Nicole Scherzinger, d/b/a Pussycat Dolls, | ) C/A No. 4:07-4097-MBS-WMC |
| Somali Pirates, d/b/a Termini Bros Bakery, | ) C/A No. 4:07-4098-MBS-WMC |
| Defendants. | ) |

The Plaintiff, Jonathan Lee Riches (Plaintiff), is an inmate at FCI-Williamsburg, and filed the four civil actions listed above *in forma pauperis* under 28 U.S.C. § 1915. The Plaintiff, proceeding *pro se*, brings each of the above listed actions pursuant to 42 U.S.C. § 1983.[1] Plaintiff seeks monetary damages for alleged civil rights violations against a variety of Defendants. The Court addresses the claims set forth in each of the complaints below.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the above listed *pro se* complaints pursuant to the procedural provisions of 28

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaints herein have been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, Plaintiff's *pro se* complaints are subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it

should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

**1. *Riches v. Steve Fairchild*, C/A No. 4:07-4094-MBS-WMC**

Plaintiff, who moves under 42 U.S.C. 1983, states that Defendant Fairchild "is in a major conspiracy with Pete Rose, Ancestor's of the 1919 White Sox, and Rick Tochett to fix the up and coming December 16, 2007 Buffalo Bills v. Cleveland Browns game." Plaintiff claims the Defendant's actions are motivated by a desire to become the Colorado State football coach. Plaintiff alleges that he "learned this from Miss Cleo." Plaintiff makes such other nonsensical statements as: "Fairchild has secret ties with Mother Nature and can make it snow . . . I also compel Senator George Mitchel to test Fairchild for roid rage . . . I fear Marv Levy will be the next warden at FCI Williamsburg." Plaintiff seeks "$10 million in prediction relief."

As an initial matter, Plaintiff indicates Defendant Fairchild is a football coach. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him of a federal right, and *(2)* did so under color of state law.

*Gomez v. Toledo*, 446 U.S. 635, 640 (1980). *See also* 42 U.S.C. § 1983. As the complaint clearly indicates that the Defendant is a private citizen, he does not act "under color of state law", and is not amenable to suit under § 1983. Accordingly, Plaintiff has failed to state a cognizable claim for relief under § 1983. Moreover, as Plaintiff's allegations are clearly baseless and, to a great extent, irrational, they must be dismissed as frivolous under 28 U.S.C. §§ 1915A, 1915(e)(2).

**2.  *Riches v. Giada Le Laurentiis*, C/A No. 4:07-4095-MBS-WMC**

Plaintiff claims "[t]he Food Network is liable for my rapid weight loss, this is mental torture. I get served mystery meat at FCI Williamsburg, the food has gotten me sick. Defendant used to be a cook here, took all the food to her show." Plaintiff also complains: (1) that he must look at the statement "I hate white people" on his wall in solitary confinement and is not provided with an eraser to remove the graffiti; (2) that his commissary funds have been taken and he cannot order food; and (3) that "Mexicans all around me are screaming distracting my life." Plaintiff seeks twenty-five (25) million dollars in compensation.

As in the above case, Plaintiff indicates Defendant De Laurentiis is a private individual. As a "Food Network Star", Defendant does not act under color of state law, an essential element of a § 1983 claim. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). *See also* 42 U.S.C. § 1983. Therefore, Defendant De Laurentiis is not amenable to suit under § 1983, and Plaintiff has failed to state a cognizable claim for relief under that statute.

4

Moreover, as Plaintiff's allegations are clearly baseless and, to a great extent, irrational, they must be dismissed as frivolous under 28 U.S.C. §§ 1915A, 1915(e)(2).

### 3. *Riches v. Nicole Scherzinger*, C/A No. 4:07-4097-MBS-WMC

Plaintiff, who seeks "$4.5 million in damages", states, in part:

> I'm not being fed Kosher food at FCI Williamsburg. I'm subjected to pork. FCI Williamsburg has Palastinians [sic] without a wall, rocks are thrown at my solitary confinement cell. My Blanket has no warmth, the material comes from Coldplay. The bunck [sic] bed is too close to the wall. I scrape my cheeks on the wall. Defendant built this place and sings in the vents. Stray Pussycats infect catnip. Scherzinger set cat traps. I saw her lip singing with Asley Simpson.

Plaintiff indicates that Defendant Scherzinger is a member of the musical group the Pussycat Dolls. As such, Defendant is a private individual, who does not act under "color of state law", and is not amenable to suit under § 1983. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Thus, Plaintiff has failed to state a cognizable claim under § 1983. Moreover, as Plaintiff's allegations are clearly baseless and, to a great extent, irrational, they must be dismissed as frivolous under 28 U.S.C. §§ 1915A, 1915(e)(2).

### 4. *Riches v. Somali Pirates*, C/A No. 4:07-4098-MBS-WMC

Plaintiff states his civil and constitutional rights are being violated because "Termini Bros. Bakery sends cream cakes and pudding pies loaded with sugar and transsfat [sic] to the coastline of Somalia for the Pirates." Plaintiff also claims the Defendant uses "international water to hijack ships" and "is bias against [Plaintiff] because [he is] friends with Joseph Travia." Plaintiff further complains that, "no one is feeding me. My stomach

5

is growling as I write this lawsuit. They have to feed the Children. I still have the shreaded wheat in me." Plaintiff seeks ten (10) million dollars in damages.

The Defendant is apparently a private bakery, which does not act under "color of state law", and is not amenable to suit under § 1983. As Plaintiff has failed to state a cognizable claim under § 1983, and his allegations are clearly baseless/irrational, the complaint must be dismissed as frivolous under 28 U.S.C. §§ 1915A, 1915(e)(2).

### **WARNING OF POSSIBLE SANCTIONS FOR CONTINUED VEXATIOUS FILINGS**

Plaintiff has begun to build up an extensive history of cases filed in this Court in a relatively short time.[2] The first cases were filed and summarily dismissed in early 2006. *See Riches v. Bush*, Civil Action No. 6:06-cv-00194-MBS; *Riches v. Bureau of Prisons,* Civil Action No. 4:06-cv-00442-MBS. Since September 2007, Plaintiff has filed at least sixty-two (62) separate cases in this Court. The docket reflects that none of these cases were filed in proper form, and that Plaintiff has not responded to at least eight (8) proper-form orders that have been issued to date by this Court.[3] Thus, it appears that Plaintiff may be filing cases for the sole purpose of creating additional work for this and other

---

[2] Since December, 2007, Plaintiff has filed fifty-four (54) cases, including the present action, with this Court. *See* Civil Actions No. 4:07-cv-4094-MBS-WMC thru 4:07-cv-4098-MBS-WMC; 6:07-cv-4135-MBS-WMC thru 6:07-cv-4139-MBS-WMC; 6:07-cv-4141-MBS-WMC thru 6:07-cv-4145-MBS-WMC; 6:08-cv-0098-MBS-WMC thru 6:08-cv-0102-MBS-WMC; 6:08-cv-0120-MBS-WMC thru 6:08-cv-0125-MBS-WMC; 6:08-cv-0166-MBS-WMC thru 6:08-cv-0174-MBS-WMC; 6:08-cv-0230-MBS-WMC; 6:08-cv-0232-MBS-WMC thru 6:08-cv-0239-MBS-WMC; 6:08-cv-0253-MBS-WMC thru 6:08-cv-0262-MBS-WMC.

[3] *See, e.g.*, *Riches v. Simpson*, C/A No. 4:07-cv-03163-MBS; *Riches v. Simpson*, C/A No. 4:07-cv-03177-MBS; *Riches v. Simpson,* C/A No. 4:07-cv-03191-MBS; *Riches v. Simpson,* C/A No. 4:07-cv-03238-MBS; *Riches v. Joel*, C/A No. 4:07-cv-03313-MBS; *Riches v. Thomas,* C/A No. 4:07-cv-03327-MBS; *Riches v. Stewart,* C/A No. 4:07-cv-03425-MBS; *Riches v. Simpson,* C/A No. 4:07-cv-03456-MBS-WMC.

federal courts.[4]  Each of Plaintiff's *pro se* complaints, regardless of facial merit, currently must be formally opened and docketed by Clerk's staff.  Following docketing, each case must undergo the Court's procedural initial review process to determine whether or not it should be summarily dismissed, amended, or served on the opposing parties.  *See* 28 U.S.C. §636(b)(1)(B); D.S.C. Civ. R. 73.02.

This Court has the authority to order a pre-filing injunction or other appropriate sanction against the Plaintiff.  *Graham v. Riddle*, 554 F.2d 133, 135 (4th Cir. 1977).  *See also Safir v. United States Lines, Inc.*, 792 F.2d 19, 23-25 (2nd Cir. 1986)(five factors for court to consider before imposing order of pre-filing review); *Flint v. Haynes*, 651 F.2d 970, 974 (4th Cir. 1981)("joined other courts in approving pre-filing review of complaints brought by prisoners with a history of litigiousness").  The sanctions which the Court may consider include, but are not limited to: denial of proceeding without prepayment of the filing fee; the imposition of a filing injunction order placing restrictions on the types of cases Plaintiff may file and the manner in which they must be submitted; monetary sanctions that will have to be satisfied before any further filings may be made; dismissal of any action; entry of an order of contempt of court; and any and all other forms of sanctions available to the Court under Rule 11 of the Federal Rules of Civil Procedure.  Overly litigious, malicious, and/or vexatious individuals place a burden on the judicial system and divert judicial resources from other pending litigation, so a court must "balance between insuring access to the

---

[4] According to the internet website "Justia.com," Plaintiff is also filing multiple similar cases in several other federal courts around the country.  This is malicious and vexatious behavior on Plaintiff's part. *See* http://dockets.justia.com.

courts and controlling already overburdened dockets." *In Re Burnley*, 988 F.2d 1, 4 (4th Cir. 1992).

**Accordingly, Plaintiff is hereby placed on notice that sanctions may be imposed which will place restrictions on Plaintiff's ability to file future cases in this Court if he:**

    **(1)    Continues to submit cases which he fails to pursue and prosecute; and/or**

    **(2)    Continues to file cases which fail to state a claim on which relief may be granted or are deemed frivolous or malicious. *See* § 1915(e)(2)(B)(i), (ii).**

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in each of the above-captioned cases *without prejudice* and without issuance of service of process. *See Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74. Since the allegations in each of the above complaints clearly fail to state a claim on which relief may be granted and are substantially frivolous, I also recommend that each of these cases be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). Plaintiff's attention is directed to the important notice on the next page.

                                                  s/William M. Catoe
                                                  United States Magistrate Judge

February 1, 2008
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).